# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| |
|---|
| In the Matter of<br><br>**F/V FISHIN' W/ JORDYN, INC.**<br>**Owner of F/V 25 TO LIFE, O.N. 128303,**<br>**Plaintiff,**<br><br>**For Exoneration from or Limitation of**<br>**Liability** |

**Civil Action No.:**

### COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

Plaintiff F/V Fishin' w/ Jordyn, Inc., owner of F/V 25 TO LIFE, O.N. 128303 petitions the Court

for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowners' Liability Act,

46 U.S.C. §§ 30501-12, and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure.

### Jurisdiction

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C.

   § 1333(1), Fed. R. Civ. P. 9(h), Supplemental Rule F, and 46 U.S.C. § 30511 and

   § 30502.

### Venue

2. Venue is proper in the District of Maine, pursuant to Supplemental Rule F(9) because the

   Vessel has not been attached or arrested; no known suits have been commenced against its

   owner; the Vessel is located within the District; and this District is most convenient for the

   parties and witnesses.

### Parties

3. Plaintiff F/V Fishin' w/ Jordyn, Inc. ("Plaintiff") is a corporation duly organized and existing

   under the laws of the State of Maine and at all material times owned F/V 25 TO LIFE (the

   "Vessel").

4. There were no officers, directors, or shareholders of Plaintiff aboard the Vessel during the voyage ending on or about April 25, 2025, including when personal injuries were allegedly sustained by crewmember James Bailey ("Bailey") and when crewmember Jaxson Marston ("Marston") died.

5. On information and belief, Bailey lives and Marston lived in Maine, and both Bailey and Marston's personal representative on behalf of Marston's estate and dependents (the "Marston Estate") may claim to have suffered bodily injury and/or death onboard the Vessel on or about April 25, 2025 while fishing within the navigable waters of the United States.

<div align="center">

**The Incident/Voyage**

</div>

6. At all times the Vessel, together with its equipment, was maintained by Plaintiff in a seaworthy and safe condition.

7. The Vessel, with Marston and Bailey as crewmembers, were fishing for scallops in federal waters on or about April 25, 2025.

8. On or about April 25, 2025, the scallop dredge struck both Marston and Bailey onboard the Vessel and Marston died and Bailey was allegedly injured.

9. Any and all injuries, death, damages, and losses claimed to have resulted from the Vessel's voyage ending on or about April 25, 2025, including personal injuries allegedly sustained by Bailey and damages allegedly arising from the death of Marston, were not caused or contributed to by any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of Plaintiff or the Vessel.

10. Alternatively, any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of Plaintiff or the Vessel, that might have contributed to any and all alleged injuries, death, damages, and losses from the voyage ending on or about April 25, 2025, including personal injuries allegedly

sustained by Bailey and damages allegedly resulting from the death of Marston, were occasioned and incurred without the privity or knowledge of Plaintiff and/or were occasioned and incurred due to the fault of other parties whose actions and/or inactions are not Plaintiff's responsibility.

11. Plaintiff does not know the total amount of the claims that may be made for injuries, death, damages, and losses allegedly sustained by Bailey, the Marston Estate, or others during the voyage ending on or about April 25, 2025.

12. Plaintiff is yet to receive any formal claims resulting from said voyage, but anticipates that formal claims based on those injuries, death, damages, and losses will be presented in due course and that the total claims will exceed the post-casualty value of the Vessel.

**Value**

13. Per the Appraisal Report of Jason Hillman, filed of even date herewith, the post-casualty value of the Vessel does not exceed $595,000.00.

**Exoneration/Limitation**

14. Plaintiff seeks exoneration from liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about April 25, 2025, including personal injuries allegedly sustained by Bailey, and damages allegedly resulting from the death of Marston, as well as any other damages or claimed losses incurred which have been and/or may hereafter be asserted, and Plaintiff states that it has valid defenses on the facts and the law.

15. Plaintiff alternatively seeks limitation of its liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about April 25, 2025, including personal injuries allegedly sustained by Bailey and damages allegedly resulting from the death of Marston, pursuant to 46 U.S.C. §§ 30501-12, Supplemental Rule F, and case law, and to that end files herewith a Stipulation of Appraised Value of Plaintiff's Interest in the

Vessel equal to $595,000.00 plus $500.00 for costs and 6% interest per annum, for payment into Court as ordered.

## Relief Sought

WHEREFORE Plaintiff, F/V Fishin' w/ Jordan, Inc., requests the following relief:

1.    That the Court approve the Stipulation of Appraised Value of Plaintiff's Interest in F/V 25 TO LIFE equal to $595,000.00, plus costs of $500.00 and 6% interest per annum, which represents (a) the value of Plaintiff's interest in the Vessel after the voyage ending on or about April 25, 2025, including personal injuries allegedly sustained by Bailey and/or damages allegedly resulting from the death of Marston, and (b) Plaintiff's obligation to provide costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2.    That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff arising from the voyage ending on or about April 25, 2025, personal injuries allegedly sustained by Bailey and/or damages allegedly resulting from the death of Marston, except in this civil action;

3.    That Plaintiff serve a copy of that injunctive order on any person to be enjoined or provide a copy to such person's counsel;

4.    That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5.    That the Court adjudge Plaintiff not liable for any and all injuries, death, damages, or losses arising from the voyage ending on or about April 25, 2025, including personal injuries allegedly sustained by Bailey and/or damages allegedly resulting from the death of Marston, or that if plaintiff is held liable in any part, its liability shall be limited at a maximum to the value of its interest in F/V 25 TO LIFE after that voyage, or $595,000.00, and that plaintiff be discharged from any such liability upon the surrender of such interest, and that the money secured as aforesaid be divided *pro rata* among such claimants as may

Docusign Envelope ID: B848F104-A2FB-4FA9-91B1-B4BA93750660

duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that

judgment may be entered discharging Plaintiff from all further liability; and

      6. That Plaintiff be provided such other and further relief as the Court may deem just and proper.

<div style="margin-left: 40%">

Respectfully submitted,
F/V FISHIN' W/ JORDYN, INC.,
By its counsel,
FARREL SMITH O'CONNELL
AARSHEIM APRANS LLP

/s/ David S. Smith
David S. Smith
Bar No.: 9270
Olaf Aprans
*Pro Hac Vice Motion Pending*
Mass. BBO No.: 670434
27 Congress St., Suite 508
Salem, MA 01970
978-744-8918 (Tel)
978-666-0383 (Fax)
dsmith@fsofirm.com
olaf@fsofirm.com

</div>

## VERIFICATION

I, Trevor Hooper, depose and state:

I am President of F/V Fishin' w/ Jordyn, Inc., which owns the F/V 25 TO LIFE (O.N. 128303). I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe it to be true.

I verify and declare under the pain and penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed October 23, 2025.

Trevor Hooper